OPINION OF THE COURT
Francis A. Affronti, J.
The petitioner seeks an order adjudging the respondent a juvenile delinquent for having committed an act which, if committed by an adult, would constitute the crime of assault in the second degree, in violation of subdivision 2 of section 120.05 of the New York State Penal Law.
During the testimony presented by respondent’s grandmother, the petitioner attempted to elicit statements allegedly made by the respondent to her at the time he arrived at her residence. An objection was raised by respondent’s Law Guardian on the ground that such statements were confidential and should not be disclosed upon the legal theory that the parent-child privilege should apply to this proceeding. Prior to ruling on the objection, the court permitted respondent’s attorney to question the witness in a voir dire fashion, to determine whether such privilege and its applicable precedent should attach. The preliminary questioning established that the respondent has permanently resided with his grandmother for approximately 15 years, comprising all but a few months of his life. *855 During such time, and continuing to the present, she has continuously provided for his financial support and other necessities.
Following preliminary questions, this court sustained the objection raised, and refused to permit testimony relative to statements made by respondent to his grandmother, thereby invoking the parent-child privilege of confidentiality.
In the leading case of the Matter of A. & M. (61 AD2d 426), the court noted that it is essential to the “parent-child relationship that the lines of communication remain open” (p 432) and that “the thought of the State forcing a mother and father to reveal their child’s alleged misdeeds, as confessed to them in private, to provide the basis for criminal charges is shocking to our sense of decency, fairness and propriety” (p 433; emphasis added). Even though we are not presently confronted with a parent and child, the relationship as testified to by respondent’s grandmother, leads to the inference that she stands in the place and stead of his parent. To infer otherwise would destroy the familial setting and self-image of the child, who should be entitled to discuss his plight without fear that his confidences will subsequently be revealed to others. The communications made while respondent was beset with remorse and guilt, are therefore, “shielded from disclosure”, since “ ‘the injury that would inure to the relation’ ” between the parties “ ‘by the disclosure of the communications, [is] greater than the benefit’ to be derived by the State in its disposal of litigation” (see People v Fitzgerald, 101 Misc 2d 712, 716).
After considering the overwhelming totality of the evidence presented and having observed the witnesses and their credibility having been weighed, this court, as the ultimate trier of the facts, finds and concludes, beyond a reasonable doubt, that the respondent committed the act more particularly set forth in the petition which, if committed by an adult, would constitute the crime of assault in the second degree, in violation of subdivision 2 of section 120.05 of the Penal Law of the State of New York.
*856 The Monroe County Probation Department is directed to conduct an investigation for purposes of a dispositional hearing, which is hereby scheduled for May 18, 1984 at 2:00 p.m.